IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRED HANKS,

    Petitioner,

v.                                                 CASE NO. 4:05-cv-00091-MP-EMT

JAMES R. McDONOUGH,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 13, Report and Recommendation of the Magistrate Judge, recommending that Petitioner's petition for writ of habeas corpus, Doc. 1, be denied. The Magistrate Judge filed the Report and Recommendation on Monday, October 30, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made. In this instance, however, no objections were made.

Petitioner contends that he was deprived of the constitutional right to effective assistance of counsel, and in his habeas petition he raises four instances of allegedly ineffective assistance. In order to state a right to relief for ineffective assistance of counsel, Petitioner must show both deficient performance by counsel and a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Petitioner's first allegation of ineffective assistance is that trial counsel was deficient by stipulating to the use of a deposition at trial without Petitioner's consent, thus depriving Petitioner of the right to confrontation. The

Court agrees with the Magistrate that as the deposed witness was largely favorable to the Petitioner, this tactical decision was not objectively unreasonable, and Petitioner can show no resulting prejudice.

The second instance Petitioner alleges as ineffective assistance is the failure of counsel to object to the testimony of an expert on the grounds that it was speculative and beyond the scope of expertise.  Petitioner raised this claim in state court, which denied the challenge and found that the expert opinions were within the field of expertise and did not suggest that Defendant was guilty.  Because this determination by the state court was not contrary to, or unreasonable application of, clearly established Supreme Court precedent, habeas corpus relief is not warranted.

Petitioner's third allegation of ineffective assistance is counsel's failure to articulate his objection to the admission of child hearsay testimony in terms sufficient to preserve the issue for appellate review.  As the Magistrate notes, the record reflects that counsel objected to the introduction of this testimony as not sufficiently reliable and unfairly prejudicial, and that counsel renewed this objection four times.  The review of Florida law reveals that these objections were sufficient to preserve the issue, and even assuming they were not, Petitioner cannot show that but for counsel's deficient performance, the results would have been different.  Therefore, the Court agrees with the Magistrate that because Petitioner cannot show that counsel's trial decision was unreasonable, or that Petitioner suffered any prejudice, Petitioner has failed to establish deficient performance under <u>Strickland</u>.

The final ground Petitioner raises as an example of ineffective assistance is the failure of counsel to object to the closure of the courtroom to the public.  The Court finds the Magistrate's

reasoning persuasive that even if Petitioner could satisfy the unreasonable performance prong of <u>Strickland</u>, Petitioner cannot establish an ineffective assistance claim because he was not prejudiced by trial counsel's failure to object to the closure of the courtroom.

The Court agrees with the Magistrate that Petitioner has not met his burden of proving deprivation of the constitutional right to effective assistance of counsel.  Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Petitioner's petition for writ of habeas corpus, Doc. 1, is denied.

**DONE AND ORDERED** this <u>  1st</u> day of December, 2006

<u>    *s/Maurice M. Paul*    </u>
Maurice M. Paul, Senior District Judge
